| | |
|---|---|
| **GLEN COBEN, CAREN LOW**, and **MAYA COBEN**<br><br>Plaintiffs,<br><br>v.<br><br>**BLACKBERRY FARM, LLC, TEXTRON SPECIALIZED VEHICLES d/b/a E-Z GO, and MIKEY'S MOTORS, LLC**<br><br>Defendants. | Case No. _____ |

# COMPLAINT

COMES NOW the Plaintiffs Glen Coben, Caren Low, and Maya Coben and for their complaint against Defendants Blackberry Farm, LLC, Textron Specialized Vehicles d/b/a E-Z Go, and Mikey's Motors, LLC, allege as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this civil state law claim as complete diversity of citizenship exists and the amount in controversy well exceeds the necessary sum for federal jurisdiction of $75,000.00.

2. This is a dispute between citizens of New York, Tennessee, Delaware, and Georgia. Complete diversity exists.

3. Venue is proper in this District in that the golf cart accident at issue occurred within this judicial district, each Defendant committed wrongs within this District, and each Defendant derives substantial revenue from this District, and thus, may be sued here consistently with due process. Further, Defendants Blackberry Farm, LLC and Mikey's Motors have principal places of business within this District.

## PARTIES

4. Plaintiffs Glen Coben, Caren Low, and Maya Coben are citizens of New York and reside in New York.

5. Defendant Blackberry Farm, LLC ("Blackberry") is a citizen of Tennessee and has a principal place of business at 1471 W. Millers Cove Rd., Walland, Tenessee 37886-2649. Its Registered Agent for service of process is David Wilson Long, 1111 N. Northshore Dr., Knoxville, TN 37919-4097. Blackberry owns and operates Blackberry Mountain, a luxury resort located about 27 miles south of Knoxville, Tennessee. This Court has personal jurisdiction over Blackberry.

6. Defendant Textron Specialized Vehicles, Inc. d/b/a E-Z Go ("E-Z Go") is a citizen of both Georgia and Delaware having been organized in Delaware, but having a principal place of business at 1451 Marvin Griffin Road, Augusta, Georgia 30906. Its Registered Agent for service of process is CT Corporation System, 289 S. Culvery St., Lawrenceville, GA 30046-4805. E-Z Go negligently manufactured and designed the golf cart that caused substantial injuries to Plaintiffs at Blackberry Mountain, and derives substantial income from Tennessee and within this District. For these reasons, this Court has personal jurisdiction over E-Z Go.

7. Defendant Mikey's Motors, LLC ("Mikey's") is a citizen of Tennessee, has a principal place of business at 2118 N. Thompson Ln, Murfreesboro, Tennessee 37129-6025, and may be served with process at the same address. Mikey's sells and services golf carts, and further, based upon information and belief, sold and serviced the golf cart at issue in this proceeding. It derives substantial income from within the State of Tennessee and this District. This Court has personal jurisdiction over Mikey's.

## FACTUAL ALLEGATIONS

8. In June of 2021, the Plaintiffs reserved a room and were paid hotel guests of Blackberry Mountain in the guest room named "Ramshackle."

9. Blackberry Mountain is owned and operated by Blackberry.

10. With Blackberry's accommodation of the Plaintiffs, Blackberry also provided a four-seater golf cart ("Cart") for them to use while at Blackberry's resort.

11. On or about June 21, 2021, Maya Coben was driving the Cart with her mother Caren Low in the passenger seat, and her father Glen Coben was a passenger in the back seat.

12. The family were travelling down Three Sisters Road from the top of the mountain and down a very steep hill. Before reaching the fitness and wellness center known as the "Hub," the Cart's brakes failed and the Cart crashed causing substantial damages to Glen Coben, Caren Low and Maya Coben.

13. While traveling in the Cart down this mountain, Maya Coben desperately tried to slow and stop the Cart. She took her foot off the gas pedal (which under the EZ-

3
Case 3:22-cv-00086-CEA-DCP   Document 1   Filed 03/09/22   Page 3 of 12   PageID #: 3

Go speed limiter system should have slowed the Cart) and depressed the brake, but the Cart failed to respond appropriately and failed to slow or stop.

14. In fact, video evidence exists from cameras on Three Sisters Road showing Maya's attempts to slow and stop the Cart, and indeed, that her right foot is on the brake. Further, this video evidence depicts Maya's driving skill of navigating the Cart to the left side of the road in order to at least crash on the uphill side of the street, and thus, crashing on the downhill slope resulting in a tremendous fall, and saving her family from even more substantial injuries; such as death or dismemberment.

15. Eventually, the Cart crashed due to the failures of all of the speed limiting and braking systems.

16. The Cart's speed limiter system, designed and manufactured by EZ-Go, was defective in that it should have slowed the Cart when Maya Coben let off the gas pedal alone, and moreover, this system should have also limited the speed of the Cart to 16 mph or less. But the speed limiter system failed in both respects. Based upon past golf cart accidents on the same street and hill, the Cart was likely travelling in excess of 26 mph.

17. Further, when Maya Coben depressed the brake pedal the electronic braking system that EZ-Go designed and manufactured should have slowed and stopped the vehicle. But when Maya pushed on the brake pedal, this braking system also failed and the Cart did not slow or stop and was defective.

18. Based upon information and belief, EZ-Go inspected Blackberry's resort and recommended the Cart for use at Blackberry Mountain before the Cart and many

others were sold to Blackberry for operational use at Blackberry Mountain. However, the Cart was of defective design considering the steep and hilly terrain of Blackberry Mountain and its expected use.

19. Mikey's sold the defective Cart to Blackberry, which was not appropriately designed to operate safely on Blackberry Mountain's hilly and steep terrain. Further, Mikey's and Blackberry also added front disc brakes to the Cart and also maintained the Cart and the front disc brakes. However, the front disc brakes were also defective and not appropriately maintained for safe operation on the hilly and steep terrain of Blackberry Mountain, and for these reasons, the front disc brakes also failed on the Cart.

20. All Defendants were aware of past golf cart accidents on Blackberry Mountain where all of the braking systems failed, but each failed to adequately warn Plaintiffs of these past accidents and that the golf carts used on Blackberry Mountain had failed routinely to properly brake down its steep grades.

21. Indeed, as only one example of their failures to warn, Defendants knew that only in March of 2021 a substantially similar EZ-Go golf cart's brakes had failed involving the Reynolds and Blackmon families, which cause the Reynolds and Blackmans substantial injuries. This is only one example, and additional discovery will show habitual and routine golf cart accidents occurring at Blackberry's resorts.

# COUNT I

## NEGLIGENCE

22. Plaintiffs re-allege and incorporate the paragraphs above.

23. Blackberry owed a duty to Plaintiffs as its business invitees to provide the safe accommodations, including the Cart, but breached its duty by providing the Cart in an unsafe condition, because its speed and braking systems were subject to and did in fact fail on Blackberry's hilly and maintained terrain.

24. EZ-Go owed a duty to Plaintiffs as users of the Cart, which it manufactured, designed and sold, but breached its duty by providing the Cart in an unsafe condition, including its faulty speed limiting and braking systems that were subject to and did in fact fail.

25. Mikey's owed a duty to Plaintiffs as users of the Cart, which it sold and modified, but breached its duty by providing the Cart in an unsafe condition, including its faulty braking systems that were subject to and did in fact fail.

26. All of Defendants' breaches of the standard of care, as detailed above, proximately caused Plaintiffs to suffer substantial personal and emotional injuries, pain and suffering, and loss of consortium.

27. Each of the Defendants also breached the standard of care by negligently failing to appropriately warn Plaintiffs of the defective nature of the Cart given its operation on steep and hilly terrain, and failed to appropriately warn Plaintiffs of past accidents occurring on Blackberry's resort properties due to the speed limiting and

braking failures by golf carts operated on Blackberry's resort properties. All such negligent failure to warn Plaintiffs by the Defendants, proximately caused Plaintiffs to suffer substantial personal and emotional injuries, pain and suffering, and loss of consortium.

## COUNT II

## STRICT LIABILITY

### Defective and Unreasonably Dangerous Cart

28. Plaintiffs re-allege and incorporate the paragraphs above.

29. Blackberry is a "seller" of the Cart under T.C.A. §29-28-102 (7) as it distributed the Cart for use by the Plaintiffs, and moreover, is a lessor or bailor of the Cart. Blackberry is also a "manufacturer" of the Cart under T.C.A. §29-28-102 (4) to the extent it instructed and authorized Mikey's to install the front disc brakes on the Cart.

30. EZ-Go is a "manufacturer" and a "seller" of the Cart under T.C.A. §29-28-102 (4) and (7) as it manufactured, designed, fabricated, produced and assembled the Cart and its component parts, advised Blackberry to purchase and operate Cart and like-EZ-Go carts to be used by its employees and business invitees, including the Plaintiffs.

31. Mikey's is a "seller" of the Cart under T.C.A. §29-28-102(7) as it is a retailer and sold the Cart to Blackberry and distributed the Cart for use by the Plaintiffs, and moreover, is also a "manufacturer" of the Cart to the extent it assembled and installed the front disc brakes.

7

Case 3:22-cv-00086-CEA-DCP   Document 1   Filed 03/09/22   Page 7 of 12   PageID #: 7

32. The Cart was unreasonably dangerous when it left EZ-Go's control given its expected and obviously foreseeable operation on Blackberry's hilly and steep terrain and the defective manufacturing and design defects of the Cart's speed limiting and braking systems by EZ-Go, which all failed and caused the Cart to crash.

33. The Cart was also unreasonably dangerous given its operation on Blackberry's hilly and steep terrain and Blackberry's and Mikey's failures to adequately maintain and service the Cart's braking systems, including the front disc brakes added to the Cart by Blackberry and Mikey's, which all failed and caused the crash.

34. Defendants placed the Cart in the stream of commerce in Tennessee, which contained unreasonably design, manufacturing, service, maintenance, defects not reasonably safe and fit for their intended or foreseeable purpose and use at Blackberry Mountain, thereby subjecting Plaintiffs to risks that exceeded the benefits of the Cart's use.

35. The Cart's defective nature was not disclosed to Plaintiffs or would have been apparent to the ordinary user.

36. Defendants, however, each knew or should have known of the unreasonably dangerous nature of the Cart recommended and expected to be used on the hilly and steep terrain at Blackberry Mountain, but chose to allow for its continued use and to conceal the prior golf cart accidents from all Blackberry Mountain business invitees, including the Plaintiffs.

37. Defendants' actions and inaction and the Cart's unreasonably dangerous condition, the Defendants are strictly liable for all of Plaintiffs' damages proximately

caused by them to include Plaintiffs' personal and emotional injuries, pain and suffering, and loss of consortium.

## COUNT II

## STRICT LIABILITY

### Failure to Warn

38. Plaintiffs re-allege and incorporate the paragraphs above.

39. Due to the Cart's unreasonably dangerous and defective nature and because Defendants each knew or should of known the Cart was unreasonably dangerous and defective for its intended and foreseeable use on Blackberry's resort, each of the Defendants had an additional duty to Plaintiffs to warn them of potential failures of the Cart given the past multiple accidents and injuries sustained by Blackberry's invitees from golf carts failing to brake properly, and particularly the golf car incident occurring in March of 2021 involving the Reynolds and the Blackmons.

40. Defendants each knew as June 21, 2021, that there was a golf cart accident on the exact same hill on Blackberry Mountain caused by brake failures, which resulted in substantial injuries to the driver and passengers and even injuries substantial enough to warrant medical airlift to the University of Tennessee Medical Center in Knoxville. Regardless of these facts, each Defendant chose not to warn Plaintiffs of potential brake failures, and specifically, chose not to warn Plaintiffs of the March of 2021 accident

involving the Blackmons and Reynolds on the same hill and caused by the failure of the cart's braking systems.

41. The Cart was unreasonably dangerous at the time it left EZ-Go in that the electronic braking system was prone to fail and not properly suited for Blackberry Mountain's hilly terrain.

42. EZ-Go failed to adequately warn Plaintiffs that its electronic braking system had failed to properly brake the cart operated by the Blackmons and Reynolds in March of 2021, which resulted in substantial injuries, and that Plaintiffs could similarly suffer.

43. Blackberry and Mikey's exercised substantial control over the Cart, serviced it, and modified it with front disc brakes, and knew of multiple past golf cart accidents involving braking system failures at Blackberry's resort properties. But both Blackberry and Mikey's chose not to warn Plaintiffs of the unreasonably dangerous nature of the Cart or of the past injuries sustained by Blackberry's business invitees from driving such golf carts prone to have braking failures, including but not limited to the Blackmon/Reynolds golf car crash, to which the Plaintiffs' could similarly suffer.

44. Defendants are strictly liable to Plaintiffs for their failures to warn Plaintiffs as alleged herein, and for all damages proximately caused by their failures to warn including Plaintiffs' substantial personal injuries, emotional trauma, pain and suffering, and loss of consortium.

## DAMAGES

45. Plaintiffs re-allege and incorporate the paragraphs above.

46. Plaintiff Glen Coben seeks the sum or $2,000,000 from each of the named Defendants for his substantial personal and emotional injuries, pain and suffering, loss of consortium, and punitive damages for a total of $6,000,000.

47. Plaintiff Caren Low seeks the sum or $2,000,000 from each of the named Defendants for her substantial personal and emotional injuries, pain and suffering, loss of consortium, and punitive damages for a total of $6,000,000.

48. Plaintiff Maya Coben seeks the sum or $2,000,000 from each of the named Defendants for her substantial personal and emotional injuries, pain and suffering, loss of consortium, and punitive damages for a total of $6,000,000.

## JURY DEMAND

Plaintiff demands a trial by jury of twelve on all issues so triable.

## PRAYER OF RELIEF

WHEREFORE, Plaintiffs pray for Judgment in their favor and recovering compensatory damages, damages for permanent and temporary physical and emotional injuries, loss of consortium, other damages, punitive damages for actions taken with

malice, and their attorneys' fees and costs, and all other just and appropriate relief based upon the allegations of this pleading.

DATE: March 9, 2022

Respectfully,

**POYNTER LAW GROUP**

_____
Scott Poynter, AR Bar No. 90077 (PHV
 Admission to be Filed)
scott@poynterlawgroup.com
407 President Clinton Ave., Suite 201
Little Rock, AR 72201
(501) 812-3943